Judgment and order denying new trial affirmed, with costs.

---

NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, RESPONDENT, *v.* THE WESTERN UNION TELEGRAPH COMPANY, APPELLANT.

*Real estate — when telegraph wires fastened to it become part of it.*

A railroad company, having erected a line of telegraph poles upon its own land and fastened wires thereon, entered into an agreement with a telegraph company, by which the latter was to operate the line. Under this agreement the latter company placed a third wire upon the poles, the railroad company agreeing to purchase the wires and property belonging to the telegraph company upon the termination of the agreement. Subsequently the railroad company became insolvent, and its property was sold under a judgment of foreclosure, entered in an action to which the telegraph company was made a party.

*Held,* that the third wire became real estate when fastened to the poles, and passed to the purchaser under the foreclosure sale, and that such purchaser was entitled to an injunction restraining the defendant, which had succeeded to the rights and property of the first mentioned telegraph company, from removing the said third wire.

APPEAL from an order made at a Special Term, continuing an injunction.

The plaintiff owns and operates the railroad extending from Middletown to Oswego, in the State of New York, formerly owned

and operated by the New York and Oswego Midland Railroad Company. The property of the latter company was sold under a decree of foreclosure, and the plaintiff was incorporated by the purchaser at the foreclosure sale and his associates in the year 1880. For some years prior to the foreclosure sale the property was in charge of receivers, who, on October 1, 1878, made a contract with the defendant under authority of an order of the United States Circuit Court, by which contract the defendant had the use and control of the telegraph lines, consisting of three wires, upon the said road of the receivers, now of the plaintiff, subject to the paramount use thereof by the receivers for the purposes of running the road. Under this lease the defendant paid an annual rent of $3,333.33. After the incorporation of the plaintiff the use and management of the telegraph lines under the receiver's contract was continued. On May 29, 1882, that contract was modified in some particulars by agreement between plaintiff and defendant, and the original contract and arrangement so modified was continued until terminated by the plaintiff at midnight, on August 6, 1884. A day or two before August sixth, the plaintiff leased the lines to the Baltimore and Ohio Telegraph Company, and between the time of the making of that lease and August sixth the defendant claimed that it was the owner of one of the three wires on the plaintiff's road, and threatened to remove it. The defendant claimed that it was the owner of this wire as the successor of the Atlantic and Pacific Telegraph Company, which company, the defendant claimed, had put up the wire under a contract between it and the New York and Oswego Midland Railroad Company, dated April 1, 1872; the defendant further claimed that the former company had continued in the use and possession of the one wire down to the time of its consolidation with the defendant in 1881. The Atlantic and Pacific Telegraph Company was a party to the foreclosure action above mentioned, and appeared in the action and answered. The plaintiff commenced this action on August 6, 1884, to restrain the defendant from taking down the wire, and a temporary injunction to that effect was granted herein.

*Wager Swayne* and *Melville Egleston*, for the appellant.

*John B. Kerr*, for the respondent.

BARNARD, P. J. :

There is no reason given why this order should be reversed. The New York and Oswego Midland Railway Company erected a line of telegraph poles upon its land and fastened thereon two wires for telegraphic purposes. This line was operated by the Atlantic and Pacific Telegraph Company. This telegraph company placed a third wire upon the poles. A foreclosure action was brought against the railroad company, and pending the foreclosure the receiver of the railroad made an agreement with the defendant, who had succeeded to the rights of the Atlantic and Pacific Company, whereby the defendant took the line to operate from the receivers, and paying compensation therefor to the receivers. By the terms of the contract with the Atlantic and Pacific Company, the railroad company was bound to buy the additional wire. No steps have ever been taken under this part of the agreement. If the case ended here, the rights of the railroad company are supreme to the line. It was erected by the company and was part of its real estate. The additional wire became real estate, with a power to enforce compensation. If the company fails to obtain this by reason of the insolvency of the railroad company, that would not change the legal condition of the parties. A company which had improved the real estate of another company could not collect the cost of the improvement. The non-payment did not make the real estate personal. The decree in foreclosure passed the title to the line to the plaintiff. The Atlantic and Pacific Telegraph Company was a party. It set up a claim to the telegraph line. Judge BLATCHFORD held that the telegraph company had no rights which were not subordinate to the mortgage, and the decree directed the sale of the railroad property without reserve in respect to the telegraph wires. The decree directed a sale of " all the rights of the said railroad company to the telegraph erected and used along the aforesaid railroad."

The order should be affirmed, with costs and disbursements.

PRATT, J., concurred.

Order continuing injunction affirmed, with costs and disbursements.